```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA       :     CRIMINAL ACTION
                               :
          v.                   :
                               :
JAMES CARSTARPHEN              :     NO. 05-467
```

MEMORANDUM AND ORDER

McLaughlin J.                                         July 28, 2008

       A federal grand jury returned an indictment on August 18, 2005, charging James Carstarphen with conspiracy, in violation of 18 U.S.C. § 371; armed carjacking, in violation of 18 U.S.C. § 2119; kidnaping, in violation of 18 U.S.C. § 1201; carrying, and aiding and abetting the carrying of, a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1) and (2); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 992(g)(1), arising out of the gunpoint abduction of a woman and her automobile from Philadelphia, Pennsylvania, to Camden, New Jersey, on July 16, 2005.

       The defendant pled guilty to the indictment on April 19, 2006. On March 14, 2007, the District Court imposed a sentence of 205 months imprisonment, a term of five years supervised release, a fine of $500, and a special assessment of $500. The defendant did not appeal his sentence. The defendant filed a motion to vacate, set aside and correct sentence under

28 U.S.C. § 2255 on April 24, 2008.  He filed the correct form for his § 2255 motion on May 12, 2008.

The defendant makes four claims in his § 2255 petition: defense counsel were ineffective because they failed to make a motion for a competency hearing; the Court erred because it did not on its own motion order a competency hearing; the Court erred in sentencing the defendant because it did not cross-reference the robbery guidelines; and, the Court erred in imposing a sentence under both 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(c)(1) for the same firearm.  The Court will deny the motion.[1]

I.   Discussion

The government argues that the defendant's petition is untimely because it was filed on April 24, 2008, over thirteen months after the defendant was sentenced on March 14, 2007.  The government is correct that the defendant's motion is untimely unless equitable tolling is appropriate.  The defendant has argued that there were extraordinary circumstances that should allow him to file his § 2255 motion past the one year time period.  The Court will assume for purposes of this motion that

---

[1] On June 9, 2008, the defendant filed a motion for discovery related to his § 2255 motion, requesting his preliminary hearing transcripts, transcripts from the status of counsel hearings, his DYFS records, Dr. Tepper's full report, and transcripts from his sentencing hearing.  The government produced voluntarily the records in it possession: the Tepper report; some FDC medical records; and two letters from a DYFS social worker.

equitable tolling is appropriate and will consider the merits of the petition.

    A.   <u>The Issue of Competency</u>

The defendant claims that his two counsel were ineffective in failing to request a competency hearing and that the Court erred in not <u>sua sponte</u> ordering a competency hearing.[2] Whether or not counsel will be considered "ineffective" for habeas purposes is governed by the two-part test articulated by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Under <u>Strickland</u>, the defendant must prove that (1) counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's error, the result would have been different. <u>Id.</u> at 687-96; <u>see also</u> <u>United States v. Nino</u>, 878 F.2d 101 (3d Cir. 1989).

In evaluating the first prong, a Court must be "highly deferential" to counsel's decision and there is a "strong presumption" that counsel's performance was reasonable. <u>United</u>

---

[2] The defendant originally was represented by Benjamin Cooper, Esq. After he pled guilty, the defendant moved to have Mr. Cooper withdrawn as counsel. Mr. Carstarphen filed a letter with the Court in which he clearly explained that he did not want Mr. Cooper representing him anymore because they had irreconcilable differences. In that letter, the defendant complained that he was innocent of the charges. Mr. Cooper was allowed to withdraw and Nialena Caravasos, Esq., was appointed to represent Mr. Carstarphen at sentencing.

States v. Kauffman, 109 F.3d 186 (3d Cir. 1997)(citing Strickland).  Counsel must have wide latitude in making tactical decisions.  Strickland, 466 U.S. at 689.  The defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. United States v. Gray, 878 F.2d 702 (3d Cir. 1989).

      The conduct of counsel should be evaluated on the facts of the particular case, viewed as of the time of the conduct. Strickland, 466 U.S at 690.  The Third Circuit, quoting Strickland, has cautioned that: the range of reasonable professional judgments is wide and courts must take care to avoid illegitimate second-guessing of counsel's strategic decisions from the superior vantage point of hindsight.  Gray, 878 F.2d at 711.

      The defendant argues that counsel had knowledge of "a mass array of documents showing that he was incompetent."  The Court is not aware of and the defendant does not direct the Court to any documents questioning his mental competency.  The Court did sign an order allowing a psychological evaluation of Mr. Carstarphen prior to sentencing.  Ms. Caravasos retained Alan M. Tepper for a psychological evaluation.  There was never any suggestion from Mr. Tepper that Mr. Carstarphen was incompetent to proceed before the Court.  In her sentencing memorandum, Ms.

Caravasos did describe the defendant's mental difficulties in her request for a more lenient sentence.

The Court never had any doubt as to the defendant's competency. The defendant's responses to questions and conduct during the guilty plea colloquy, his letter to the Court asking for the withdrawal of Mr. Cooper as counsel and the appointment of new counsel, and his sentencing letters to the Court and to the victim evidenced a clear understanding of the nature of the proceedings, his role in those proceedings, and the role of the other participants.

B.  Other Issues

The government argues that the claim that the Court used the wrong sentencing guidelines is not cognizable under § 2255. That does appear to be the view of many Courts of Appeals that have considered this issue. In any event, the defendant's argument is without merit. The guideline calculations were correct.

The defendant's final argument is that his sentence under both 18 U.S.C. §§ 924(c)(1) and 922(g)(1) violated double jeopardy. Congress expressly authorized cumulative punishments in this case. The statute unambiguously states that the term of imprisonment imposed under § 924 (c) must run consecutively to any other term of imprisonment imposed on the defendant. In any

event, §§ 922(g) and 924(c) constitute separate offenses under <u>Blockburger v. United States</u>, 284 U.S. 299, 304 (1932).  Each requires proof of a fact that the other does not.  They were designed to deter and punish two different types of antisocial conduct.  There was no violation of the double jeopardy clause in this case.

      An appropriate order follows.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| JAMES CARSTARPHEN | : | NO. 05-467 |

<u>ORDER</u>

AND NOW, this 28th day of July, 2008, upon consideration of defendant's motion to vacate, set aside, or correct sentence by a person in federal custody under 28 U.S.C. § 2255 (Docket No. 103), and the government's opposition thereto, IT IS HEREBY ORDERED that said motion is DENIED for the reasons stated in a memorandum of today's date. IT IS FURTHER ORDERED that a certificate of appealability is denied because the defendant has not made a substantial showing of the denial of a constitutional right.

BY THE COURT:

<u>/s/ Mary A. McLaughlin</u>
MARY A. McLAUGHLIN, J.