# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. 05-467-1 |
| | : | |
| JAMES CARSTARPHEN | : | |

**McHUGH, J.**                                                                                    **January 14, 2022**

## MEMORANDUM

Following the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), the Third Circuit Court of Appeals authorized Petitioner to file a § 2255 motion seeking to vacate his conviction for using and carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C § 924(c). ECF Nos. 119 and 122. In his motions, Mr. Carstarphen argues that the predicate offenses in his case, namely conspiracy, kidnapping, and carjacking are not "crimes of violence" as defined by § 924(c)'s elements clause.[1] The government has conceded in other cases that neither conspiracy nor kidnapping satisfies § 924(c)'s elements clause. *See e.g. United States v. Gonzalez*, No. 19-3882, 2021 WL 3579380, at *1 (3d Cir. Aug. 13, 2021); *Bledsoe v. United States*, No. 2:07-CR-00165, 2020 WL 3638116, at *6 (E.D. Pa. July 6, 2020). Petitioner's motions therefore turn on whether his conviction for carjacking under 18 U.S.C. § 2119 categorically constitutes a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A).

Consideration of this petition was stayed pending the disposition of *United States v. Smith*, No. CV 19-2257, 2021 WL 2135947 (3d Cir. May 11, 2021), in which a panel of the Third Circuit

---

[1] 18 U.S.C. § 924(c)(3) has two clauses: an elements clause (A) and a residual clause (B). In *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), the Supreme Court invalidated the residual clause as unconstitutionally vague based on the reasoning in *Johnson*. Consequently, the predicate offenses must be found to be "crimes of violence" under the elements clause to support Petitioner's conviction under § 924(c).

recently denied a certificate of appealability on the carjacking question, albeit in a non-precedential opinion. The parties agree that the stay should be lifted and that Mr. Carstarphen's petition should be addressed on the merits.

Defense counsel concedes that "Third Circuit law currently does not support Mr. Carstarphen's position" but nevertheless maintains that carjacking is not a crime of violence to preserve the issue. Mem. at 2, ECF 137. I disagree and conclude that carjacking is categorically a crime of violence under § 924(c)'s elements clause and therefore deny Petitioner's § 2255 motions. In *Smith*, a panel of the Third Circuit held that "reasonable jurists would not debate the conclusion that carjacking in violation of 18 U.S.C. § 2119 categorically constitutes a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A)." 2021 WL 2135947 at *1. As a non-precedential opinion, *Smith* would not suffice to decide the issue. But the Court of Appeals has held in a precedential opinion that a bank robbery statute with identical language satisfies § 924(c)'s elements clause. *United States v. Wilson*, 880 F.3d 80, 82 (3d Cir. 2018).[2] Finally, my conclusion here comports with the holding of every circuit court to have considered the matter. *See e.g. United States v. Felder*, 993 F.3d 57, 80 (2d Cir.), *cert. denied,* 142 S. Ct. 597 (2021) (recognizing federal carjacking as a § 924(c)(3)(A) crime of violence); *Estell v. United States*, 924 F.3d 1291, 1293 (8th Cir. 2019) (same); *United States v. Jackson*, 918 F.3d 467, 485–86 (6th Cir. 2019) (same); *United States v. Cruz-Rivera*, 904 F.3d 63, 66 (1st Cir. 2018) (same); *United States v. Evans*, 848 F.3d 242, 247 (4th Cir. 2017) (same); *In re Smith*, 829 F.3d 1276, 1280–81 (11th Cir. 2016) (same).

---

[2] The relevant language of the bank robbery statute addressed in *Wilson* provides: "[w]hoever *by force and violence, or by intimidation*, takes, or attempts to take, from the person or presence of another. . ." 18 U.S.C. § 2113(a). The relevant language of the carjacking statute at issue here provides: "[w]hoever, with the intent to cause death or serious bodily harm, takes a motor vehicle . . . from the person or presence of another *by force and violence or by intimidation,* or attempts to do so . . .". 18 U.S.C. § 2119. (Emphasis added as to both excerpts).

3

For these reasons, I am persuaded that Mr. Carstarphen's carjacking conviction in violation of 18 U.S.C. § 2119 is categorically a crime of violence under the elements clause of § 924(c)(3)(A) and therefore, deny his § 2255 motions. An appropriate order follows.

There is no basis for the issuance of a certificate of appealability.

  /s/ Gerald Austin McHugh
United States District Judge