IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | No. 05-467-1 |
| JAMES CARSTARPHEN | : | |
| | : | |

McHugh, J.                                                                                          September 15, 2023

## MEMORANDUM

Defendant James Carstarphen, under a sentence imposed by this Court for armed carjacking and kidnapping, among other offenses, recently appeared for the third time for a violation of supervised release.  He admitted, both formally through his counsel and in an extensive colloquy with the Court, to making threats of violence against his Probation Officer and other court personnel.  He sought to minimize the seriousness of his conduct, but there was no dispute as to the facts of what he did.  Upon joint recommendation of the Government and defense counsel, he was sentenced to 24 months of incarceration, well within the applicable Guidelines.

At the conclusion of the hearing, after he had been advised of his right of appeal, and as the Court was about to adjourn, he asked his counsel to hand up a handwritten document he prepared. It purports to be a motion under Federal Rule of Civil Procedure 32.1 and has been docketed at ECF 165.   The "motion" will be denied.

First, I am not required to consider the motion because Mr. Carstarphen is represented by counsel. *U.S. v. Essig*, 10 F.3d 968, 973 (3d Cir. 1993); *see also* Fed. R. Crim. P. 49(b)(4) (all filings by represented parties must be signed by an attorney).

Second, the motion is procedurally defective, as the Rules of Civil Procedure have no applicability in a criminal case.

Third, the motion is untimely. If Defendant wanted to contest the violations, the time to do so was at the hearing. Mr. Carstarphen cannot on the one hand accept the representation of the Federal Defender and reap the benefit of her skilled representation in negotiating a recommended disposition to the Court, and then seek to litigate the issue *post-hoc* and *pro se.*

Fourth, the issues purportedly raised in the document, to the extent that they are comprehensible, were all waived by virtue of his admissions during the hearing.

Finally, to the extent that they are comprehensible, the arguments set forth in the motion lack any substantive merit, as the Probation Office correctly analyzed the grade for the violations charged.

An appropriate order follows.

    /s/ Gerald Austin McHugh  
    United States District Judge